**Date Signed:**
**April 13, 2016**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>STERLING G. HIGASHI,<br><br>            Debtor. | Case No. 15-00444<br>Chapter 7 |
| HALE TAKAZAWA,<br><br>            Plaintiff,<br><br>vs.<br><br>STERLING G. HIGASHI,<br><br>            Defendant. | Adv. Pro. No. 15-90033<br><br><br>Re: Dkt. 48 |

## MEMORANDUM OF DECISION ON
## <u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

Defendant has moved for summary judgment. Because prior motions have presented most (if not all) of the arguments in support of the motion, I will decide this motion without a hearing and briefly restate my reasons for rejecting those arguments.

15-90033 HIGASHI def msj.wpd

Neither the prebankruptcy settlement agreement nor the stipulated judgment entered by the state court precludes the plaintiff from attempting to establish that the defendant's underlying debt to the plaintiff is not dischargeable.[1]

This proposition holds true no matter how the defendant attempts to dress up his argument. In other words, neither the indemnification provisions of the settlement agreement, nor the doctrines of novation or ratification, preclude the plaintiff's nondischargeability claims.

The doctrine of judicial estoppel does not bar the plaintiff's claims. The plaintiff has not taken inconsistent positions, and gained a benefit therefrom, in a way that would invoke the doctrine.

The defendant may, however, introduce the settlement agreement, the stipulated judgment, and related communications at trial in support of an argument that the plaintiff's decision to settle without insisting on recitals of fraud indicates that the plaintiff did not believe his own fraud claims.[2]

The defendant cites *The Bank of China v. Huang (In re Huang)*,[3] but that decision actually supports the plaintiff's position. In that case, a lender and a debtor entered into a settlement agreement with specific provisions that the debt would not

---

[1] *Archer v. Warner*, 538 U.S. 314 (2003); *Brown v. Felsen*, 442 U.S. 127 (1979).

[2] *Brown v. Felsen*, 442 U.S. at 138.

[3] 275 F.3d 1173 (9th Cir. 2002).

U.S. Bankruptcy Court - Hawaii   #15-90033   Dkt # 84   Filed  04/13/16   Page 2 of 3

be dischargeable in bankruptcy. The debtor subsequently filed a chapter 7 bankruptcy petition and the lender objected to the discharge of its claims. The Ninth Circuit held that the settlement agreement and the stipulated judgment entered thereon did not preclude the debtor from litigating the question of dischargeability. *Huang* is the mirror image of this case in some respects: in *Huang*, the creditor argued in favor of preclusion; but in this case the debtor is making that argument. But *Huang* nonetheless establishes that prebankruptcy agreements and judgments have preclusive effect in a subsequent bankruptcy case only if specific requirements are met.

Genuine issues of material fact preclude summary judgment on all other issues in this case.

Therefore, the motion is DENIED.

## END OF ORDER

3

15-90033 HIGASHI def msj.wpd